FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGERS MOTORS OF HERMISTON LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BARTLETT LLC, a Washington limited liability company, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Defendants. | No. 2:17-CV-00338-SMJ<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO COMPEL** |

Rogers Motors purchased a 2007 Toyota Tundra (the Tundra) from Bartlett LLC (Bartlett) at an auction in 2014. Rogers Motors then sold the Tundra to a consumer. Several months later, the consumer discovered the odometer had not been registering miles since it was purchased at the auction. Rogers Motors brought this action against Bartlett alleging, among other things, violation of the Motor Vehicle Information and Cost Savings Act (Odometer Act), 49 U.S.C. §§ 32701–11, and Washington's Consumer Protection Act (CPA), Wash. Rev. Code § 19.86 *et. seq.* Rogers Motors alleges that Bartlett tampered with the Tundra's odometer,

ORDER - 1

operated the Tundra with knowledge the odometer was dysfunctional, and fraudulently provided an inaccurate odometer statement at the time of sale.

Bartlett moves for summary judgment on Rogers Motors's Odometer Act claims. ECF No. 41. By separate motion, Bartlett also moves for summary judgment on Rogers Motors's CPA claims. ECF No. 53. On January 23, 2018, the Court held a hearing on the motions for summary judgment and denied both motions. The Court also denied Bartlett's motion to compel, ECF No. 56. This Order memorializes and supplements the Court's oral ruling.

**FACTS**

Doug Bartlett is the sole owner of Bartlett LLC (Bartlett), a wholesale auto importer located in Spokane, Washington. In 2007, Bartlett, acting through an intermediary known as Northern Imports LLC (Northern Imports), purchased a 2007 Toyota Tundra. Bartlett purchased the Tundra from Omar Hajar, the truck's registered owner in Canada. ECF No. 41-2 at 2. When Bartlett purchased the Tundra, the odometer registered 137,213, the equivalent of 85,720 miles. ECF No. 41-2.

Before taking possession of the Tundra, Bartlett paid Northern Imports to convert the odometer from kilometers to miles. ECF No. 41 at 2. Northern Imports does not perform conversions itself, but works with outside vendors. ECF No. 50 at 47. Northern Imports removed the odometer cluster from the Tundra and sent it to

ORDER - 2

Kelowna Instruments for conversion. *Id.* at 48. Kelowna Instruments declined to do the work, telling Northern Imports that the odometer "had been opened and they weren't going to touch it." *Id.* Northern Imports relayed this information to Mr. Bartlett, and Mr. Bartlett told Northern Imports to find a different vendor to complete the work. *Id.* at 49.

Northern Imports next sent the odometer to Tacoma Speedometer. *Id.* at 50. Tacoma Speedometer declined to convert the odometer due to signs of tampering. *Id.* Tacoma Speedometer sent the cluster back to Northern Imports in a box. Northern Imports again relayed this information to Bartlett, who again instructed Northern Imports to send the odometer to another vendor. *Id.* at 51.

Without opening the box from Tacoma Speedometer, Northern Imports next shipped the cluster to C&R Motors. ECF No. 50 at 51. When Richard MacKay, the owner of C&R Motors opened the box, he discovered it contained a note stating, "Cluster has been tampered with. Not doing." ECF No. 52 at 7. McKay called Northern Imports regarding the note in the box and expressed his concerns in working on the odometer. *Id.* at 2. MacKay spoke to James Sandmire, the individual performing the odometer conversion. ECF No. 51 at 2. Sandmire agreed to convert the odometer but would not repair the odometer or warranty the work. *Id.* McKay relayed this information to Northern Imports. ECF No. 52 at 3. When MacKay

ORDER - 3

returned the odometer, he included the note and marked the invoice as "special." *Id.*

After taking possession of the Tundra, Northern Imports employees and Mr. Bartlett drove the Tundra an unspecified number of miles. ECF No. 59 at 8 ("[T]he vehicle had 26, 27 miles on it tracked, which would be my employee driving it and then when it was released to Mr. Bartlett, him driving it back to his shop.").

April 1, 2015, Bartlett sold the Tundra to Rogers Motors. ECF No. 50 at 82. Bartlett sold the Tundra through Manheim Auto Auctions, a company that hosts automobile auctions in Western Washington. *Id.* Pursuant to a contractual agreement, Manheim Auctions has Doug Bartlett's Power of Attorney on file, and Manheim fills out all paperwork when cars are bought at auction, including odometer disclosure statements. ECF No. 41-2 at 2. At the time of the purchase, the odometer shows the vehicle's mileage as 85,720 miles. ECF No. 41-1 at 3.

Later that month, Rogers Motors sold the vehicle to a consumer. ECF No. 50 at 82. Several months later, the consumer contacted Rogers Motors to report that the odometer still read 85,720 miles, the same mileage listed on the date Rogers Motors bought the vehicle from Bartlett at auction. Bartlett repurchased the Tundra. ECF No. 59 at 2. It was later determined that the odometer was missing a few bytes of code causing it not to accumulate miles accurately. ECF No. 50 at 27.

**LEGAL STANDARD**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal citation omitted).

When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Sgt. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "In short, what is required to defeat summary judgment is simply evidence 'such that a reasonable juror drawing all inferences in favor of the respondent could return

a verdict in the respondent's favor.'" *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015)).

## LEGAL STANDARD

**A.  A genuine issue of material fact precludes summary judgment on Rogers Motors's claim under 49 U.S.C. § 32703(3).**

Under 49 U.S.C. § 32703(3), a person may not, with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating. Bartlett contends that this statute's intent requirement requires Rogers Motors to show that Bartlett had actual knowledge of the odometer defects. Without evidence that Bartlett had actual knowledge of the defects, Bartlett argues, Rogers Motors cannot show that Bartlett acted with intent to defraud. Bartlett's argument fails for two, related reasons. First, a defendant may be liable under the Odometer Act even if he or she lacked actual knowledge if he or she acted with reckless disregard for the truth. Second, the question of intent is an issue of fact ordinarily reserved for the jury, and Rogers Motors has produced evidence which, taken in the light most favorable to its claims, could support the conclusion that Bartlett acted with intent.

**1.  The Odometer Act does not require the plaintiff show the defendant had actual knowledge of the odometer defect to establish intent to defraud.**

As an initial matter, the Court must determine the intent required to trigger civil liability for violations of the Odometer Act. 49 U.S.C. § 32710 allows a civil

ORDER - 6

action against "[a] person who violates this chapter, with intent to defraud . . . ." Bartlett argues that intent under the Odometer Act requires the plaintiff to show the defendant had actual knowledge of the odometer defects. Rogers Motors argues that actual knowledge is unnecessary because a dealer of used cars may be held liable in the absence of actual knowledge if he reasonably should have known that the odometer reading was incorrect. The interpretation advanced by Rogers Motors is consistent with that of the majority of courts interpreting this statute. Accordingly, the Court finds that Rogers Motors's interpretation governs.

The question of whether the transferor of an automobile may be held liable under the Odometer Act despite the fact that he lacked actual knowledge of the odometer defect is one of first impression in this district and in the Ninth Circuit. However, the circuit courts that have addressed this issue have unanimously concluded that intent under the statute does not require actual knowledge. *Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d 1275, 1282 (10th Cir. 1983); *Tusa v. Omaha Auto. Auction Inc.*, 712 F.2d 1248, 1253 (8th Cir. 1983); *Ryan v. Edwards*, 592 F.2d 756, 762 (4th Cir. 1979); *Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir. 1978). Courts appear "willing to infer an intent to defraud where the seller exhibited gross negligence or a reckless disregard for the truth." *Tusa*, 712 F.2d at 1253. Thus, under the majority view, a dealer of used cars may be held liable in the absence of

actual knowledge if he reasonably should have known that the odometer reading was incorrect.

Bartlett argues that the Ninth Circuit's decision in *Bodine v. Graco Inc.*, 533 F.3d 1145 (9th Cir. 2008), should guide this Court's interpretation of the Odometer Act's mens rea requirement. However, Bartlett's reliance on *Bodine* is misplaced. In *Bodine*, the Ninth Circuit Court of Appeals considered whether a private right of action exists under the Odometer Act where the claim of fraud "relates to something other than the vehicle's mileage." *Id.* at 1147. The court acknowledged a split between the circuits: the Eleventh Circuit concluded that a plaintiff could maintain an action under the Odometer Act even if the defendant's intent to defraud had nothing to do with the vehicle's true mileage. *Id.* at 1150–51 (citing *Owens v. Samkle Auto. Inc.*, 425 F.3d 1318 (11th Cir. 2005)). The Seventh Circuit held that the Odometer Act is limited to allegations of fraud "relating to a vehicle's mileage." *Id.* at 1150 (citing *Ioffe v. Skokie Motor Sales, Inc.*, 414 F.3d 708 (7th Cir. 2005)). The Ninth Circuit sided with the Seventh Circuit in concluding that the Odometer Act provides a remedy only when the defendant intends to defraud the plaintiff with respect to the vehicle's mileage. Here, Rogers Motors alleges Bartlett intended to defraud buyers as to the actual mileage of the Tundra, so the reasoning in *Bodine* does not apply.

To the extent Bartlett attempts to use *Bodine* to illustrate that the Ninth Circuit construes the Odometer Act narrowly, this argument is unpersuasive. When interpreting the Odometer Act, the *Bodine* court looked to the statute's purpose to shed light on Congress' intent. 533 F.3d at 1151. Congress stated that the purpose of the Odometer Act is to prohibit tampering of motor vehicle odometers and protect purchasers from the sale of altered odometers. *Id.* at 1149 (citing 49 U.S.C. § 32701(b)). A narrow interpretation of the Act's intent requirement is at odds with the remedial goals underlying the Odometer Act's civil suit provision. *See Ryan*, 592 F.2d at 760 (observing that the Odometer Act is a remedial statute which should be construed broadly)*; Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967) (recognizing the "familiar cannon of statutory construction that remedial legislation should be construed broadly to effectuate its purposes"). While the *Bodine* court found the intent did not extend to fraud regarding subjects other than odometer tampering, it is likely that the court would adopt a broad interpretation of the intent requirement because it is directly related to curbing odometer-related fraud.

### 2. Rogers Motors has generated a genuine issue of material fact as to Bartlett's intent.

Intent to defraud may be inferred if a person lacks knowledge only because he "displayed a reckless disregard for the truth." *Tusa*, 712 F.2d 1253–54. Bartlett argues that summary judgment is appropriate on this claim because Rogers Motors "has not provided any evidence that Bartlett intended to defraud [Rogers Motors]

ORDER **-** 9

when the vehicle in question was being driven prior to sale." ECF No. 41 at 7. Rogers Motors counters that the record presents a genuine issue of material fact as to whether Bartlett "closed its eyes to the truth and consciously avoided learning what, if anything, was wrong with the odometer." ECF No. 49 at 12. Taken in the light most favorable to Rogers Motors, there is a sufficient issue of material fact to preclude summary judgment on this claim.

The record shows that Bartlett was on notice of potential issues with the odometer. After Kelowna Instruments refused to convert the odometer, Northern Imports contacted Mr. Bartlett and told him about the issues with the odometer. ECF No. 50 at 49. Bartlett was also aware that a second vendor, Tacoma Speedometer, refused to work on the odometer, and that the third vendor, C&R Motors refused to warrantee work done on the odometer. *Id.* at 51–52. Based on these facts, a reasonable juror could infer that Bartlett had constructive knowledge that the odometer was defective and deliberately failed to take further steps to investigate or correct the issue. A juror could also conclude that Bartlett's failure to investigate or repair the odometer constitutes a reckless disregard for the truth evidencing intent to defraud.

There is also conflicting evidence in the record regarding whether the odometer was functional after Northern Imports performed the mileage conversion. Caroline DeLuca, a Northern Imports employee, asserts that, after the conversion,

the odometer registered "26 or 27 miles." ECF No. 50 at 54. She attributes these miles to a Northern Imports employee driving a few miles to test the odometer and Mr. Bartlett driving the car about 20 miles back to his shop in Spokane. *Id.* However, this statement conflicts with other evidence in the record. In his declaration, Mr. Bartlett stated that he paid Northern Imports to convert the Tundra's odometer from 137,213 kilometers to 85,720 miles. ECF No. 41-2 at 2. The work was completed, and the odometer was shipped to Northern Imports on March 13, 2015. ECF No. 41-1 at 5. On April 1, 2015, Bartlett executed an odometer disclosure statement for the Tundra reflecting a mileage of 85,720 miles. On April 17, 2015, Rogers Motors sold the vehicle to a consumer, and the odometer still reflected a mileage of 85,720 miles. On these facts, a juror could infer that Bartlett either concealed or recklessly failed to discover the fact that the odometer was inoperable and that this conduct was motivated by an intent to defraud.

**B.    Rogers Motors has produced evidence from which a reasonable juror could infer that Bartlett violated 49 U.S.C. § 32705.**

Bartlett next argues that Rogers Motors cannot make out a prima facie case under 49 U.S.C. § 32705. Section 32705 requires a person transferring the ownership of a motor vehicle to provide the transferee either a disclosure of the cumulative mileage registered on the vehicle's odometer, or a disclosure that the actual mileage is unknown if the transferor knows the odometer reading is different from the amount of miles the vehicle has actually travelled. For the same reasons

ORDER - 11

articulated above, a reasonable juror could conclude that Bartlett knew—or deliberately failed to discover—that the Tundra's odometer did not accurately reflect its mileage and that this conduct evidences an intent to defraud purchasers. Accordingly, Bartlett is not entitled to summary judgment on this claim.

**C.  Rogers Motors has produced evidence from which a reasonable juror could infer that Bartlett violated 49 U.S.C. § 32703(2).**

Although articulated briefly, Bartlett also argues that Rogers Motors cannot produce any evidence in support of its claim under 49 U.S.C. § 32703(2). ECF No. 41 at 9. Section 32703(2) prohibits a person from disconnecting, resetting, altering, or causing the disconnection, resetting, or alteration of the odometer of a vehicle with intent to change the mileage registered by the odometer. Despite Bartlett's claims to the contrary, Rogers Motors has produced evidence that, when taken together with inferences drawn therefrom in Rogers Motors's favor, are sufficient to support a prima facie claim under this section.

The record shows that Bartlett directed Northern Imports to remove the odometer. Because the odometer was converted from kilometers to miles, there is at least some evidence that portions of the odometer were altered. As discussed above, the evidence in the record also suggests that the odometer did not accumulate miles after Bartlett directed Northern Imports to convert the odometer to miles. The record also shows that, upon inspection of the odometer, Rogers Motors discovered that the odometer was missing several bites of code, which prevented it from

properly recording mileage. Based on this evidence, a juror could infer that Bartlett caused the odometer to be tampered with in an effort to defraud buyers. Summary judgment on this claim is therefore improper.

**D.    Because Rogers Motors's Odometer Act claims survive summary judgment, so do its CPA claims.**

To prevail on a CPA claim, Rogers Motors must show: 1) an unfair or deceptive act or practice; 2) in trade or commerce; 3) which affects the public interest; 4) that injured the plaintiff's business or property; and 5) that the unfair or deceptive act complained of caused the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 532–33 (Wash. 1986). Bartlett argues that Rogers Motors "failed to provide any evidence that Bartlett LLC committed a deceptive act or practice." ECF No. 53 at 6. Bartlett also asserts that Rogers Motors cannot establish causation. However, for the reasons already discussed, Bartlett's argument fails.

A claim under the Washington CPA requires the plaintiff to show that the defendant committed either a per se violation of a statute or engaged in an unfair or deceptive practice unregulated by statute but involving public interest. *Watkins v. Peterson Enters., Inc.*, 57 F. Supp. 2d 1102, 1109 (E.D. Wash. 1999). As discussed above, Rogers Motors has produced evidence from which a reasonable juror could infer that Bartlett violated the Odometer Act. Because a per se violation of a statute

ORDER **-** 13

is sufficient to maintain a CPA claim, this evidence is also sufficient to defeat Bartlett's motion for summary judgment.

Bartlett also argues that "it cannot accurately be said that Bartlett LLC is the cause of [Rogers Motors's] damages when Bartlett LLC had no reason to believe that anything was wrong with the Tundra." ECF No. 53 at 6. This statement constitutes Bartlett's entire argument challenging the causation element of Rogers Motors's CPA claim. Rogers Motors has produced evidence that the consumer to whom it sold the Tundra returned the Tundra after discovering the defects with the odometer. ECF No. 41-1. Rogers Motors settled this dispute with the consumer. This evidence, taken in the light most favorable to Rogers Motors, raises a genuine issue of material fact as to whether alleged odometer tampering was the cause of Rogers Motors's harm.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motions for Summary Judgment, **ECF No. 41 & 53**, are **DENIED.**

**2.** Defendant's motion to compel, **ECF No. 56**, is **DENIED**. Rogers Motors's objection to Defendant's Request for Admission No. 3 is reasonable, and the qualified answer is sufficient to provide Bartlett with the information it seeks without requiring Rogers Motors to make an overbroad admission.

ORDER **-** 14

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 29th day of January 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 15